AO 91 (REV.5/85) Criminal Complaint  AUSA Chester Choi (312) 697-4037

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDGAR SAN JUAN-PIEDRA | **CRIMINAL COMPLAINT**<br><br>CASE NUMBER: 25CR108 |

**FILED** 2/25/2025 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about February 24, 2025, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, EDGAR SAN JUAN-PIEDRA, defendant herein,

being an alien who previously had been deported and removed from the United States on or about June 8, 2020, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States;

in violation of Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4).

I further state that I am a Deportation Officer with Immigration and Customs Enforcement and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

*Digitally signed by RENEE D FALS*
*Date: 2025.02.24 17:26:07 -06'00'*

RENEE FALS
Deportation Officer, U.S. Immigration and Customs Enforcement

Pursuant to Fed. R. Crim. P. 4.1, this complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: February 25, 2025

_____
*Judge's signature*

City and state: Chicago, Illinois

M. DAVID WEISMAN, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT )
)
NORTHERN DISTRICT OF ILLINOIS )

## AFFIDAVIT

I, RENEE FALS, being duly sworn, state as follows:

1. I am a Deportation Officer with United States of Immigration and Customs Enforcement and have been so employed for 18 years. I am a member of an investigative unit within ICE that specializes in the apprehension of criminal aliens. I work in conjunction with other law enforcement agencies in reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that EDGAR SAN JUAN-PIEDRA ("SAN JUAN") has violated 8 U.S.C. § 1326(a), Reentry of Removed Alien, by being present and found in the United States after having been deported. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging SAN JUAN with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that SAN JUAN committed the offense stated in the complaint.

3. This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit; and my review of records maintained by ICE, other components of the Department of Homeland Security, and other government agencies.

4. According to DHS records, SAN JUAN is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that SAN JUAN was born in Mexico in 1988.

5. Records maintained by the United States District Court, Northern District of Illinois reflect that on or about January 25, 2018, SAN JUAN was convicted of conspiracy to possess with intent to distribute and distribute cocaine and sentenced to 54 months' imprisonment. *See United States v. Edgar San Juan*, 16 CR 501 (J. Kocoras).

6. DHS records reflect that on or about April 23, 2020, defendant was ordered removed from the United States to Mexico. DHS records further reflect that SAN-JUAN was removed from the United States to Mexico on or about June 8, 2020.

7. On or about February 24, 2025, following a vehicle stop on a car registered to SAN JUAN, officers were able to identify SAN JUAN as the driver based on a comparison with SAN JUAN's Illinois driver's license photograph and biographical information. ICE administratively arrested SAN JUAN and transported him to the Broadview office for processing.

8. On that same day, SAN JUAN was fingerprinted by ICE. ICE officers submitted SAN JUAN's fingerprints to the FBI's Criminal Justice Information

Services Division, which verified that SAN JUAN's fingerprints taken from his 2018 felony conviction and his June 8, 2020 removal matched the person arrested by ICE on or about February 24, 2025.

9. DHS records reflect that defendant has not applied for or received permission from the Secretary of the Department of Homeland Security to re-enter the United States.

10. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about February 24, 2025, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, EDGAR SAN JUAN-PIEDRA, being an alien who previously had been deported and removed from the United States on or about June 8, 2020, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States, in

violation of Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

_____
RENEE FALS
Deportation Officer, Bureau of
Immigration and Customs Enforcement

SUBSCRIBED AND SWORN to before me on February 25, 2025.

_____
M. DAVID WEISMAN
United States Magistrate Judge

4